IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| JOSHUA K. BEASLEY | § | |
| v. | § | CIVIL ACTION NO. 6:22cv234 |
| HENDERSON COUNTY, ET AL. | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

The Plaintiff Joshua Beasley, an inmate currently confined in the Texas Department of Criminal Justice, Correctional Institutions Division proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged deprivations of his constitutional rights. The lawsuit was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

**I. The Plaintiff's Original Complaint**

In his original complaint, Plaintiff named as Defendants Henderson County, the Henderson County Sheriff's Department, the Texas Commission on Jail Standards, the Henderson County District Attorney's Office, and Henderson County Sheriff Botie Hillhouse. Plaintiff asserted that in July of 2021, the Henderson County Sheriff's Department dog attacked him while he was asleep, injuring his arm. He asserted that the Sheriff, the District Attorney's Office and the Texas Commission on Jail Standards unlawfully detained him in the jail under cruel and unusual conditions and denied him medical care. No other facts were set out.

On July 11, 2022, the Court ordered Plaintiff to file an amended complaint setting out a short and plain statement of his claim. The order specifically directed Plaintiff to provide a concise statement of each of the claims which Plaintiff wishes to raise, together with the facts giving rise to each of these claims, including the dates of occurrences of these events, if known; (2) the individual

1

or individuals whom Plaintiff wished to name as defendants; (3) a statement showing how each named defendant is involved in the facts forming the basis of the lawsuit; (4) the harm which Plaintiff suffered as a result of the facts forming the basis of the lawsuit; and (5) the specific relief sought.

Plaintiff filed his amended complaint on August 4, 2022. This amended complaint named as Defendants the Texas Commission on Jail Standards, State District Judge Scott McKee, the Henderson County Sheriff's Department, Sheriff Botie Hillhouse, the Henderson County District Attorney and District Attorney's Office, and the Choice Moore Unit of TDCJ-CID. The statement of claim reads, in its entirety, as follows:

> On July 2021, Henderson County sheriff's representatives entered my residence without warrant and released their K-9 that brutally assaulted me while sleeping. The tendons / nerves / meat torn open from [vicious] attack to forearm caused serious injury.
>
> Unlawfully detained and denied proper medical treatment as hospital physicians stated of treatment needed [sic]. Then placed in detention center where torture of cruel and unusual punishment by housing environment, as exposed to Covid-19, surrounded by rusty metals, meals not of nutritional value, top bunks without step access, forced to freezing temps naked while laundry services [sic], denied medical treatment.
>
> Sheriff's Department / DA office / Judge McKee in [illegible - possibly "accord"] performed acts of coercion, as grand jury was never of performance to a foreperson indictment authorization [sic]. Ineffective assistance of counsel pursuant to sign a plea or face life sentencing.
>
> The several months of unconstitutional housing and medical neglect has caused a dysfunctional limb, as coercion tactics by entities and municipalities forced wrongful imprisonment and defamation of character.
>
> The multiple defendants of municipalities, coerced agreement to TDCJ confinement, where torture continued. As Choice Moore forced me to field squad work knowing my condition, as excessive heat over triple digits no A/C without fans for cooling, rusty metals, no PPE for chemicals, causing severe pain to existing medical condition. Events occurred from July 2021 to current date.

(Docket no. 8, p. 5).

Plaintiff states that he is suing the Texas Commission on Jail Standards for "cruel and unusual punishment, unconstitutional housing, torture." He is suing Judge McKee for "coercion, bias conduct, wratcheting [sic] info, obstructing justice." He is suing the Henderson County

Sheriff's Department for "obstruction [of] justice, excessive force, coercion, cruel and unusual punishment," and Sheriff Hillhouse for "coercion, obstruction of justice, cruel and unusual punishment." Plaintiff says that he is suing the District Attorney and the D.A.'s office for "ratcheting [sic] documents, coercion, obstruction of justice, bias, wrongful prosecution." Finally, he states that he is suing the Choice Moore Unit for "cruel and unusual punishment, torture, unconstitutional housing."

For relief, Plaintiff asks that the Defendants be removed from their positions, his medical expenses paid, $100 million from each defendant, national attention in the press and media, court disciplinary actions, and "mandate provisions established." Plaintiff's amended complaint supersedes the original and is now the operative pleading in the case. *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994).

## II. Discussion

### A. General Standards for Screening

28 U.S.C. §1915A requires that as soon as practicable, district courts must review complaints wherein prisoners seek redress from governmental entities or their employees and identify cognizable claims or dismiss the complaint or any portion thereof if the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

A complaint fails to state a claim upon which relief may be granted where it does not allege sufficient facts that, taken as true, state a claim that is plausible on its face and thus does not raise a right to relief above the speculative level. *Montoya v. FedEx Ground Packaging System Inc.*, 614 F.3d 145, 149 (5th Cir. 2010), *citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). A claim has factual plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Hershey v. Energy Transfer Partners, L.P.*, 610 F.3d 239, 245 (5th Cir. 2010); *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009). This plausibility standard is not akin to a

probability requirement, but asks for more than a possibility that the defendant has acted unlawfully. *Twombly*, 550 U.S. at 556.

Detailed factual allegations are not required, but the claim must contain more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 677-78. A pleading offering "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not suffice, nor does a complaint which provides only naked assertions that are devoid of further factual enhancement. *Id*. at 678.

A complaint may be dismissed if a plaintiff fails to "nudge [his] claims across the line from conceivable to plausible," if the complaint pleads facts merely consistent with or creating a suspicion of the defendant's liability, or if a complaint lacks a factual allegation regarding any required element necessary to obtain relief. *Rios v. City of Del Rio, Tex.*, 444 F.3d 417, 421 (5th Cir. 2006). *Pro se* plaintiffs are held to a more lenient standard than are lawyers when analyzing a complaint, but *pro se* plaintiffs must still plead factual allegations which raise the right to relief above the speculative level. *Chhim v. University of Texas at Austin*, 836 F.3d 467, 469 (5th Cir. 2016). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

Although all well-pleaded facts are taken as true, the district court need not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions. *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010). Dismissal is proper if a complaint lacks a factual allegation regarding any required element necessary to obtain relief. *Rios*, 444 F.3d at 421.

The Fifth Circuit has explained that while *pro se* complaints are construed liberally, the court is still bound by the allegations of the complaint and is not free to speculate that the plaintiff "might" be able to state a claim if given yet another opportunity to amend the complaint. *Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994). The court explained as follows:

> For example, if an IFP plaintiff, in amending his complaint through a response to a questionnaire, alleges in his response that he received inadequate medical care while incarcerated, we should not reverse the dismissal of the complaint on the basis that the plaintiff could possibly add facts that would demonstrate that he was treated with

    deliberate indifference in the medical care that he received. As another example, if an IFP prisoner asserts in the questionnaire response that he has been denied recreation time, we should not reverse dismissal on the ground that he might also be able to assert a claim that the denial was in retaliation for his having filed a grievance.

*Id*. at 97.

  B. The Texas Commission on Jail Standards

  Plaintiff names the Texas Commission on Jail Standards as a defendant, but the Commission is an agency of the State of Texas and has Eleventh Amendment immunity from suit. *Dedrick v. Richards*, 47 F.3d 425, 1995 U.S. App. LEXIS 3552, 1995 WL 71163 (5th Cir., January 25, 1995). Thus, Plaintiff may only sue the Commission if the State of Texas consented to the suit or if Congress clearly abrogated sovereign immunity. *Id.*; *see also Torgerson v. Henderson County*, civil action no. 6:21cv390, 2022 U.S. Dist. LEXIS 74093, 2022 WL 1204774 (E.D.Tex., April 26, 2022). Plaintiff has not shown, nor does the record indicate, that either of these circumstances exist. Consequently, Plaintiff has failed to state a claim upon which relief may be granted against the Texas Commission on Jail Standards.

  C. State District Judge Scott McKee

  Plaintiff's claims against Judge McKee appear to be related to his conviction. Court records show that Plaintiff pleaded guilty to possession of a controlled substance on February 17, 2022, receiving a sentence of seven years in prison. *See* https://txhendersonodyprod.tylerhost.net/PublicAccess/CaseDetail.aspx?CaseID=696528. To the extent Plaintiff seeks monetary damages, his claims are barred by the doctrine of judicial immunity. As a general rule, judges have absolute immunity from suit for actions taken in their judicial capacity. *Davis v. Tarrant County*, 565 F.3d 214, 221 (5th Cir.2009), *citing Mireles v. Waco*, 502 U.S. 9, 10, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991). Such immunity does not apply in two circumstances: where the challenged action is not taken in the judge's judicial capacity, and where the action, though judicial in nature, is taken in the complete absence of all jurisdiction. *Mireles*, 502 U.S. at 11. Allegations of bad faith or malice are not sufficient to overcome judicial immunity. *Id*. The Fifth Circuit has explained in this regard "a

judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *May v. Sudderth*, 97 F.3d 107, 110-111 (5th Cir. 1996), *citing Stump v. Sparkman*, 435 U.S. 349, 356-57, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978); *see also Johnson v. Kegans*, 870 F.2d 992, 995 (5th Cir.), *cert. denied*, 492 U.S. 921 (1989) (judge is absolutely immune from all judicial acts "not performed in clear absence of all jurisdiction, however erroneous the act and however evil the motive"); *Burks v. Price*, civil action no. 6:13cv746, 2015 U.S. Dist. LEXIS 74720, 2015 WL 3622684 (E.D.Tex., June 10, 2015), *aff'd* 654 F.App'x 670, 2016 U.S. App. LEXIS 12716, 2016 WL 3689369 (5th Cir., July 11, 2016).

Although Plaintiff complains, in a conclusory manner, that Judge McKee obstructed justice, coerced him, and was biased against him, this falls well short of showing that the judge was not acting in his judicial capacity or acted in the clear absence of all jurisdiction. Thus, Plaintiff's claim for monetary damages Judge McKee is barred by judicial immunity and fails to state a claim upon which relief may be granted.

To the extent Plaintiff challenges the validity of his conviction, his claim fails for other reasons as well. The Supreme Court has held that in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions which would render a conviction or sentence invalid, a §1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. §2254. *Heck v. Humphrey*, 512 U.S. 477, 486-87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994); *see also Boyd v. Biggers*, 31 F.3d 279, 283 (5th Cir. 1994). This holding has been extended by the Fifth Circuit to include claims for injunctive relief as well. *VanBuren v. Walker*, 841 F.App'x 715, 2021 U.S. App. LEXIS 9115, 2021 WL 1183013 (5th Cir., March 29, 2021), *citing Clarke v. Stalder*, 154 F.3d 186, 190-91 (5th Cir. 1998) (*en banc*); *accord*, *Muhammed v. Close*, 540 U.S. 749, 750, 124 S.Ct. 1303, 158 L.Ed.2d 32 (2004). Thus, in order to obtain

monetary damages for an allegedly wrongful conviction, Plaintiff must first meet the *Heck* prerequisites by showing that his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, which he has not done. *Heck,* 512 U.S. at 487.

### D. The Henderson County Sheriff's Department and Henderson County

Plaintiff sues the Henderson County Sheriff's Department for "obstruction [of] justice, excessive force, coercion, cruel and unusual punishment," stating that in July of 2021, sheriff's deputies entered his house without a warrant and released their dog, who injured him. He also complained of being denied medical care and placed in unconstitutional conditions in the Henderson County Detention Center.

The Henderson County Sheriff's Department is a sub-unit of Henderson County and has no separate legal existence apart from the county. As such, the Henderson County Sheriff's Department cannot be sued in its own name. *Darby v. Pasadena Police Department*, 939 F.2d 311, 313 (5th Cir. 1991); *Hebrew v. Gonzalez*, slip op. no. 21-20585, 2022 U.S. App. LEXIS 11975, 2022 WL 1316214 (5th Cir., May 3, 2022). Plaintiff's claim against the Henderson County Sheriff's Department fails to state a claim upon which relief may be granted.

To the extent that Plaintiff's claim may be construed as being against Henderson County itself, such claim likewise fails. As a municipality, Henderson County cannot be held liable on a theory of vicarious liability; instead, municipalities may be liable where the action which is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers. In other words, a plaintiff must show that (1) an official policy (2) promulgated by the municipal policymaker (3) was the moving force behind the violation of a constitutional right. *Hicks-Field v. Harris County, Texas*, 860 F.3d 803, 808 (5th Cir. 2017). A municipality cannot be held liable solely because it employs a tortfeasor. *Monell v. Department of Social Services*, 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

The term "official policy" includes the decisions of a government's lawmakers, the acts of its policymaking officials, or practices so persistent and widespread as to practically have the force of law. *Hicks-Field*, 860 F.3d at 808, *citing Connick v. Thompson*, 563 U.S. 51, 61, 131 S.Ct. 1350, 179 L.Ed.2d 417 (2011). In order to prevail on a claim of persistent and widespread practices, the plaintiff must show that the practice is so common and well-settled as to constitute a custom that fairly represents municipal policy, and that the official with policymaking authority had actual or constructive knowledge of the custom. *Hicks-Field*, 860 F.3d at 808, *citing Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir. 1984). Plaintiff simply claims that allegedly unconstitutional conditions existed, but sets forth no specific facts which would support liability on the part of Henderson County. To the extent he seeks to sue Henderson County, he has failed to state a claim upon which relief may be granted. *See also Peña v. City of Rio Grande City*, 879 F.3d 613, 622 (5th Cir. 2018) (allegations of municipal liability must set out specific facts rather than conclusory allegations).

Plaintiff did not name as Defendants the sheriff's deputies involved in the incidents complained of, even as unknown or "John Doe" defendants, despite the fact that the Court's order to amend specifically directed him to name individuals. In the interest of justice, the Court will permit Plaintiff to amend his complaint to cure this defect, should he wish to do so, provided such amended complaint is filed within 30 days from the date of entry of this Report. *See James v. Minter*, 12 F.3d 1098, 1993 U.S. App. LEXIS 34545, 1993 WL 543324 (5th Cir., December 15, 1993); *McFadden v. Abston*, civil action no. 3:06cv324, 2013 U.S. Dist. LEXIS 204116, 2013 WL 12412431 (S.D.Miss., September 30, 2013). Any such amended complaint must identify the individual defendants or describe them as much as possible, and must set out specific facts showing that each named defendant should be liable to the Plaintiff.

E. Sheriff Botie Hillhouse

Plaintiff next sues Sheriff Botie Hillhouse, alleging "coercion, obstruction of justice, cruel and unusual punishment." He does not offer any specific facts, nor does he name Sheriff Hillhouse

in the body of his complaint, much less show that the sheriff had any personal involvement with the conditions of which Plaintiff complains. The Fifth Circuit has explained that the county sheriff cannot be held liable simply because he is the sheriff and therefore the supervisory official. *Diggs v. Waybourn*, slip op. no. 21-10395, 2022 U.S. App. LEXIS 12303, 2022 WL 1421827 (5th Cir., May 5, 2022), *citing Estate of Davis ex rel. McCully v. City of North Richland Hills*, 406 F.3d 375, 381 (5th Cir. 2005). Plaintiff did not assert any claims of municipal policy or failure to trial or supervise amounting to deliberate indifference against Sheriff Hillhouse, nor set out any specific facts supporting such claims, and his allegations against the sheriff fail to state a claim upon which relief may be granted. *See also Glotfelty v. Karas*, 512 F.App'x 409, 2013 U.S. App. LEXIS 3295, 2013 WL 600253 (5th Cir., February 15, 2013).

F. The Henderson County District Attorney and D.A.'s Office

Plaintiff states that he is suing the Henderson County District Attorney and the D.A.'s Office for "ratcheting [sic] documents, coercion, obstruction of justice, bias, wrongful prosecution." The Fifth Circuit has held that a prosecutor enjoys absolute immunity from personal liability for damages under 42 U.S.C. §1983 for actions initiating a prosecution or presenting the State's case, as well as those actions which are intimately associated with the judicial phase of the criminal process. *Esteves v. Brock*, 106 F.3d 674, 677 (5th Cir. 1997). This immunity protects prosecutors even if they act maliciously, wantonly, or negligently. *Morrison v. City of Baton Rouge*, 761 F.2d 242, 248 (5th Cir. 1985). Plaintiff's claim for damages against the Henderson County District Attorney fails to state a claim upon which relief may be granted because it is barred by prosecutorial immunity

Plaintiff also sues the District Attorney's Office of Henderson County. Aside from the prosecutorial immunity bar, the District Attorney's Office is not a separate legal entity capable of suing or being sued. *Jacobs v. Port Neches Police Department, et al.*, 915 F.Supp. 842, 844 (E.D.Tex. 1996), *citing Johnson v. Kegans*, 870 F.2d 992, 998 n.5 (5th Cir.), *cert. denied*, 492 U.S. 921 (1989). His claim against the District Attorney's Office fails to state a claim upon which relief may be granted.

G. The Choice Moore Unit of TDCJ-CID

The final defendant named by Plaintiff is the Choice Moore Unit, a part of the Texas Department of Criminal Justice - Correctional Institutions Division, which is itself an agency of the State of Texas. As an agency of the State of Texas, TDCJ-CID is itself immune from suit under the Eleventh Amendment. *Aguilar v. TDCJ*, 160 F.3d 1052, 1054 (5th Cir. 1998). The Choice Moore Unit has no separate legal existence and is not an entity capable of being sued in its own name, *see Darby*, 939 F.2d at 313, and even if it could be sued in its own name, it would enjoy the Eleventh Amendment protection extended to state agencies. *See also Sturgeon v. TDCJ Coffield Unit*, civil action no. 6:18cv468, 2019 U.S. Dist. LEXIS 106029, 2019 WL 2610828 (E.D.Tex., May 22, 2019), *Report adopted at* 2019 U.S. Dist. LEXIS 105809, 2019 WL 2603302 (E.D.Tex., June 24, 2019). Plaintiff has failed to state a claim upon which relief may be granted against the Choice Moore Unit.

## RECOMMENDATION

It is accordingly recommended that the above-styled civil action be dismissed without prejudice for failure to state a claim upon which relief may be granted. 28 U.S.C. §1915A. Should Plaintiff file an amended complaint as set out above, any claims raised therein will not be part of this recommendation.

A copy of these findings, conclusions and recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendations must file specific written objections within 14 days after being served with a copy.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's proposed findings, conclusions, and recommendation where the disputed determination is found. An objection which merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific, and the district court need not consider frivolous, conclusive, or general objections. *Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987).

Failure to file specific written objections will bar the objecting party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted and adopted by the district court except upon grounds of plain error. *Duarte v. City of Lewisville*, 858 F.3d 348, 352 (5th Cir. 2017).

So ORDERED and SIGNED this 20th day of October, 2022.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE